

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Miss Vera V. Fogg
County Attorney
Hardeman County
Quanah, Texas

Dear Miss Fogg:

Opinion No. 0-5480
Re: Registration of motor
vehicles--
Does H. B. 273 require
registration of motor
vehicles and display
of 1943 tabs; repeal
Sec. 7 of Art. 807b,
P. C.; and what was
the effective date of
the Act?

In your letter to the Attorney General of Texas,
dated July 31, 1943, you requested our opinion concerning
the above matter and submitted the following questions,
to-wit:

"QUESTION: Are the provisions of House
Bill No. 273 cumulative of all other laws re-
lating to registration of motor vehicles, and
if the 1943 registration tabs are not displayed
plainly, is the penalty provided by Art. 807b,
supra, applicable?

"In other words, does the Highway Department
have authority under House Bill No. 273, to re-
quire registration of motor vehicles and display
of 1943 tabs, and authority to enforce this re-
quirement?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Miss Vera V. Fogg, Page 2

"QUESTION NO. 2: Does House Bill No. 273, requiring retention of 1942 license plates, repeal the provisions of Sec. 7, Art. 807b, Penal Code, which prohibits display of license plates for any preceding year?

"QUESTION NO. 3: Exactly what was the effective date of House Bill No. 273?"

"(Art. 6675a-13. Number Plates)
"The Department shall issue or cause to be issued, one license number plate for each motorcycle, road-tractor, trailer or semi-trailer, and two license number plates for any other vehicle registered under this Act. In case one number plate is assigned to a vehicle, it shall be attached thereto at the rear thereof; and in case two are assigned, one shall be attached at the front and one at the rear. Said plates shall be kept clearly visible and securely attached during the year for which they are issued. License number plates issued for vehicles required to be registered under the provisions of this Act shall not be attached thereto before the beginning of the calendar year for which they are issued; and provided that said license number plates shall be manufactured and produced at the State Penitentiary at Huntsville, Texas. Provided further, that the State Penitentiary shall be authorized to manufacture all steel or metal road signs, and provided further, that, at the discretion of the State Highway Commission, the State Penitentiary may make or manufacture road signs made of wooden material. (Acts 1929, 41st Leg., 2nd C. S., p. 172, ch. 88, § 13, as amended Acts 1933, 43rd. Leg., p. 547, ch. 178, § 1.)"

"(Art. 6675a-13½. Penitentiary to furnish license plates and road signs)
"On proper requisition from the State Highway Department, the State Board of Control shall order the designated quantity of license plates and road signs from the State Penitentiary. The State Board

Miss Vera V. Fogg, Page 3

of Control shall determine and set the price
to be charged for each item. (Acts 1933, 43rd
Leg., p. 547, ch. 178 § 2)."

The above Articles authorize and direct the State
Highway Department to issue or cause to be issued license
plates for registered vehicles and provide for the number
of plates to be attached to each registered vehicle and the
place and manner where such plates shall be attached and how
the same shall be kept attached. Said Article also provides
that said plates shall be manufactured at the State Peniten-
tiary at Huntsville, Texas, and that the State Board of Con-
trol on proper requisition from the State Highway Department
shall order the designated quantity of license plates from
the State Penitentiary.

"Art. 807b. Operation of Motor Vehicles
without license number plates.
"Sec. 5. Any person who operates a pass-
enger car or a commercial vehicle or truck-
tractor upon the public highways of this State
any time during any month of a motor vehicle
registration year without having displayed
thereon, and attached thereto, two (2) license
number plates, one plate at the front and one
at the rear, which have been duly and lawfully
assigned for said vehicle for the current regis-
tration year, shall be guility of a misdemeanor;
. . . .

"Sec. 8. Any person convicted of a misde-
meanor for violation of Section 5, Section 6 or
Section 7 of this Act shall be fined in any sum
not exceeding Two Hundred Dollars ($200.00).
(Acts 1934, 43rd Leg., 2nd C. S., p. 5, ch. 3.)"

House Bill No. 273 reads as follows, to-wit:

"Section 1. That Chapter 88, House Bill No.
6, Section 13, Acts of the Forty-first Legislature,
Second Called Session, as amended by Acts of the
Forty-third Legislature, Regular Session, Chapter

Miss Vera V. Fogg, Page 4

178, Section 1, House Bill No. 459, be amended
to hereafter read as follows:

"'Section 13. The State Highway Department
is hereby authorized to issue for the 1943, 1944,
and 1945 motor vehicle registration years a single
plate or plates of metal or other material, symbols,
tabs, or other devices which when attached to a
motor vehicle having been duly registered for the
preceding registration year shall for the purpose
of this Act be deemed to be the legal registration
insignia for the registration year for which issued.'

"Sec. 2. Upon payment of the prescribed regis-
tration fee by applicants for motor vehicle registra-
tion, the State Highway Department is authorized to
issue through the County Tax Assessors-Collectors a
single plate or plates of metal or other material,
symbols, tabs, or other devices, to be attached to
a motor vehicle having duly authorized license plate,
plates or other insignia for the preceding registra-
tion year. Motor vehicles not previously registered
may be issued a regular metal license plate or plates
if such be available or may be issued symbols, tabs,
or other devices which shall be deemed to be the
legal registration insignia for the registration
year in which the vehicle is registered.

"Sec. 3. The owner of each motor vehicle
reregistered for the 1943 registration year is
hereby directed and required to retain in place
and in use on such vehicle the plate or plates is-
sued for the registration year 1942 in addition to
the metal tabs issued for the 1943 registration
year. In the 1944 and 1945 registration years the
legal registration insignia issued by the State
Highway Department through the County Tax Asses-
sors-Collectors shall be attached to the vehicle
in place or places prescribed by the State Highway
Department in such manner as to be clearly visible.

"Sec. 4. That Chapter 176, House Bill No. 459, Section 2, Acts of the Forty-third Legislature, Regular Session, be amended to hereafter read as follows:

"'Section 2. The State Highway Department shall prepare the designs and specifications for the single plate or plates of metal or other material, symbols, tabs, or other devices selected by the State Highway Commission to be used as the legal registration insignia and requisition and purchase of the same shall be submitted to the State Board of Control for approval.'

"Sec. 5. If any section, subsection, sentence, clause or phrase of this Act is for any reason held unconstitutional, the unconstitutionality thereof shall not affect the validity of the remaining portion of this Act. The Legislature hereby declares that it would have passed the Act and each section, subsection, sentence, clause, and phrase thereof, irrespective of the fact that one or more of the sections, subsections, sentences, clauses or phrases be declared unconstitutional.

"Sec. 6. All laws or parts of laws in conflict herewith are hereby repealed to the extent of such conflict.

"Sec. 7. The shortage of steel caused by the requirements for the National Defense and the absence of a suitable and economical substitute for steel in the manufacture of motor vehicle license plates create an emergency and an imperative public necessity that the Constitutional Rule requiring that bills be read on three separate days in each House be and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Passed the House, February 10, 1943; Yeas 119, Nays 0; passed the Senate, March 4, 1943; Yeas 26, Nays 0.
"Approved March 6, 1943.
"Effective March 6, 1943."

Miss Vera V. Fogg, Page 6


Sec. 5 of Art. 807b, P. C. makes it a misdemeanor offense for any person to operate a motor vehicle upon the public highways of this State without having displayed thereon, and attached thereto license number plates and Sec. 8 of said Article 807U, fixes the penalty for said offense.

It is the opinion of this department that House Bill No. 273 is cumulative of the other statutes relating to the registration of motor vehicles and that the same does not repeal Sec. 5 and Sec. 8 of Art. 807b, P. C. Therefore, the answer to your first question is in the affirmative.

The language of House Bill No. 273 is not vague, ambiguous, uncertain or indefinite and the intent of the Legislature is very plain in the words of the Act. However, assuming that the language of said House Bill No. 273 is vague, ambiguous, uncertain and indefinite, we still say that the same is cumulative of the other statutes relating to the registration of motor vehicles and in support of this conclusion we quote from 59 C. J. pp 958,959,960 and 961, to-wit:

> "While the intent of the Legislature is to be found primarily in the language of the statute where such language is vague, ambiguous or uncertain the Court may look, not only to the language but to the subject matter of the Act, the object to be accomplished, or the purpose to be subserved; it may also look in this connection to the expediency of the Act, or its occasion and necessity, the remedy provided, the condition of the country to be effected by the Act, the consequences following upon its enactment, are various extrinsic matters which throws some light on the Legislature's intent. Logic and sound economic principles may serve as a guide to the Legislature's intent.

> "In construing a statute to give effect to the intent of purpose of the Legislature, the object of the statute must be kept in mind, and such construction placed upon it as will, if possible, affect its purpose and render it valid, even though it be somewhat indefinite."

Miss Vera V. Fogg, Page 7


It is the opinion of this department that House Bill No. 273 suspends Sec. 7, Art. 807b, V. A. P. C., for the present registration year and so long as the Highway Commission may require retention of registration insignia of a previous year under the terms of said House Bill.

With reference to the effective date, House Bill No. 273 appears to have passed the House February 19, 1943 by a vote of 119 yeas to no nays; and to have passed the Senate March 4, 1943 by a vote of 26 yeas to no nays; and to have been signed by the Governor and approved March 6, 1943. It is therefore the opinion of this department that the effective date of said Bill was March 6, 1943.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 10, 1943

ASSISTANT
ATTORNEY GENERAL

By

Jesse Owens
Assistant

JO:FO



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN